Colin Cox (TX Bar No. 24101653)
Center for Biological Diversity
1025 1/2 Lomas NW
Albuquerque, NM 87102
(832) 316-0580 (c)
ccox@biologicaldiversity.org
*Applicant for Admission Pro Hac Vice*

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Center for Biological Diversity,<br><br>Plaintiff,<br><br>v.<br><br>United States Environmental Protection Agency,<br><br>Defendant. | Civil Action No.:<br><br>Complaint for Declaratory and Injunctive Relief |

## INTRODUCTION

1. On February 20, 2025, Plaintiff Center for Biological Diversity ("Center") submitted a request for records to Defendant U.S. Environmental Protection Agency ("EPA") pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. In violation of FOIA, EPA has improperly withheld responsive records from the Center.

2. The Center requested records, excluding emails, that document EPA's recommendations on the "Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act," Final Rule, 74 Fed. Reg. 66,496 (Dec. 15, 2009) pursuant to Section 6(f) of the Executive Order "Unleashing American Energy." (Jan. 20, 2025).

3. The Center limited its request to records from January 20, 2025, to the date

that EPA conducts its search for responsive records.

4. Despite the Center's efforts to submit a specific and narrow request, EPA has failed to meet its deadlines under FOIA and has failed to provide any responsive records to the Center in accordance with FOIA.

5. The Center seeks declaratory relief establishing that Defendant has violated FOIA. The Center also seeks injunctive relief ordering Defendant to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred by FOIA, 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in the District of Arizona pursuant to 5 U.S.C. § 552(a)(4)(B), because the Center has its principal place of business in this judicial district.

8. Assignment of this case to the Tucson Division of this Court is appropriate because Plaintiff has its principal place of business in Pima County. Local Rule 77.1(a), (c).

9. Declaratory relief is appropriate under 28 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

10. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

11. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a 501(c)(3) non-profit conservation organization with over 93,000 members. Its headquarters are in Tucson, Arizona, and it maintains several other offices across the country and in Mexico. Through science, policy, and environmental law, the Center advocates for the protection of threatened, endangered, and rare species and their habitats throughout the United States and abroad. The Center's Climate Law Institute specifically focuses on uniting the Center's programs in coordinated and ambitious strategies to protect wildlife, ecosystems and communities from the catastrophic dangers and damages of climate disruption.

12. The Center is the requester of the information at issue. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of EPA's reasoning for seeking to reverse its finding that greenhouse gases threaten the public health and welfare of current and future generations. Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot fully advance its mission to protect native species and their habitats.

13. Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY is a federal agency tasked with protecting human health and the environment. EPA is a federal governmental agency within the meaning of FOIA and is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request.

## **STATUTORY BACKGROUND**

14. FOIA requires agencies of the federal government to promptly release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

15. Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i). In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

16. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope

of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

17. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

18. FOIA requires federal agencies to promptly disclose the requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

19. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

20. FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

21. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

22. If the agency can demonstrate "exceptional circumstances" and that it is exercising due diligence in responding to the request, FOIA authorizes this Court to retain jurisdiction and allow the agency additional time to complete its review of the records. *Id*. § 552(a)(6)(C)(i). Exceptional circumstances cannot be a "delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id*. § 552(a)(6)(C)(ii).

**STATEMENT OF FACTS**

23. On February 20, 2025, the Center submitted to EPA a FOIA request for records from January 20, 2025, to the date that EPA conducts the relevant search as follows:

> records, excluding emails, documenting EPA's recommendations on the "Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act," Final Rule, 74 FR 66496 (December 15, 2009) pursuant to Section 6(f) of the Executive Order "Unleashing American Energy." (Jan. 20, 2025) https://www.whitehouse.gov/presidential-actions/2025/01/unleashing-american-energy/.

24. On February 26, 2025, EPA acknowledged that it had received the Center's FOIA request and assigned the request a tracking number: 2025-EPA-04021.

25. On March 17, 2025, EPA granted the Center's fee waiver request.

26. On March 20, 2025, the Center asked EPA for a status update on the request.

27. On March 26, 2025, EPA sent an email to the Center, invoking "unusual circumstances" due to the need to search multiple EPA offices for the records and setting a new deadline of April 9, 2025 to respond the Center's request.

28. EPA has not provided any records to the Center.

29. EPA has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B).

30. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

31. EPA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold the records the Center requested in its February 20, 2025, request, tracking number 2025-EPA-04021.

32. Although the statutory timeframe for responding to the Center's FOIA request has expired, EPA still has not provided Plaintiff with a substantive response to its request, nor has it provided Plaintiff with any of the requested information.

## PLAINTIFF'S CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### EPA Failed to Comply with FOIA's Mandatory Determination Deadline

33. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

34. The Center properly requested records within the control of EPA through its February 20, 2025, request to EPA, tracking number 2025-EPA-04021.

35. The Center has a statutory right to a lawful final determination from EPA on the Center's FOIA request, 2025-EPA-04021, in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

36. EPA has violated the Center's rights in this regard by unlawfully delaying its determination beyond the deadline that FOIA mandates. *Id.*

37. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

38. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's right to a timely determination under FOIA.

39. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### EPA Failed to Conduct an Adequate Search for Responsive Records

40. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

41. The Center has a statutory right to have EPA process the Center's FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

42. EPA violated the Center's rights in this regard by unlawfully failing to conduct an adequate search that was reasonably calculated to locate all records that are

6

responsive to the Center's FOIA request. *Id.*

43. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

44. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

45. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

### THIRD CLAIM FOR RELIEF

### EPA Failed to Promptly Disclose All Responsive Records

46. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

47. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

48. EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

49. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

50. The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions.

51. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

52. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

### **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

(1) Declare that the Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request, submitted on February 20, 2025, tracking number 2025-EPA-04021;

(2) Order the Defendant to search for any and all responsive records to Plaintiff's FOIA request, submitted on February 20, 2025, tracking number 2025-EPA-04021, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(3) Order the Defendant to produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4) Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the records;

(5) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records or portions of the records are improperly withheld;

(6) Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court may deem just and proper.

DATED:   April 14, 2025        Respectfully submitted,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*s/ Colin Cox*
Colin Cox (TX Bar No. 24101653)
Center for Biological Diversity
1025 1/2 Lomas NW
Albuquerque, NM 87102
(832) 316-0580 (c)
ccox@biologicaldiversity.org
Applicant for Pro Hac Vice admission

*Attorney for Plaintiff*