TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SARAH S. LETZKUS
Assistant U.S. Attorney
Arizona State Bar No. 027314
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sarah.letzkus@usdoj.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, | CV-25-00173-TUC-AMM |
| Plaintiff, | **ANSWER** |
| v. | |
| U.S. Environmental Protection Agency, | |
| Defendant. | |

Answering Plaintiff's Complaint (Doc. 1) Defendant United States Environmental Protection Agency ("Defendant") admits, denies, and alleges as follows:

### INTRODUCTION[1]

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff submitted a FOIA request, which was received by the Agency on February 20, 2025. Defendant denies that it has improperly withheld responsive records from Plaintiff.

2. Paragraph 2 of the Complaint sets out Plaintiff's characterization of its FOIA request to which no response is required. Defendant respectfully refers the Court to

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required, and to the extent the headings or subheadings could be construed to contain factual allegations, those allegations are denied.

1

the referenced documents for a complete and accurate statement of their content and denies the allegations to the extent inconsistent with the content of those documents.

3. Paragraph 3 consists of Plaintiff's characterization of its FOIA request to which no response is required. Defendant respectfully refers the Court to the referenced documents for a complete and accurate statement of their content and denies the allegations to the extent inconsistent with the content of those documents.

4. Paragraph 4 consists of Plaintiff's characterization of their FOIA request, to which no response is required. Defendant admits only that it has not completed its response to Plaintiff's FOIA request. The remainder of Paragraph 4 consists of a conclusion of law, to which no response is required.

5. Paragraph 5 consists of Plaintiff's characterization of the relief it is seeking. Defendant denies that Plaintiff is entitled to the relief it seeks or to any relief.

## JURISDICTION AND VENUE

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction under the Freedom of Information Act, 5 U.S.C. § 552, as limited by the relief available under the Act.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in the District of Arizona for a properly stated FOIA claim.

8. Paragraph 8 states a legal conclusion regarding to which no response is required. To the extent a response is deemed required, Defendant admits that assignment to the Tucson Division of this Court is proper for a for a properly stated FOIA claim.

9. Paragraph 9 consists of Plaintiff's characterization of the relief it is seeking. Defendant denies that Plaintiff is entitled to the relief it seeks or to any relief.

10. Paragraph 10 consists of Plaintiff's characterization of the relief it is seeking. Defendant denies that Plaintiff is entitled to the relief it seeks or to any relief.

## PARTIES

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. Answering Paragraph 12 of the Complaint, Defendant admits only that Plaintiff submitted the FOIA request at issue and that, to the extent to the allegations seek to provide background facts in support of allegations of public interest, that there may be some public interest in the records sought, but Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Defendant denies all other allegations in Paragraph 12.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that it is an agency within the executive branch of the United States government but lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 13 and therefore denies them.

## STATUTORY DEADLINE

14. Paragraph 14 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

15. Paragraph 15 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

16. Paragraph 16 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

17. Paragraph 17 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

18. Paragraph 18 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

19. Paragraph 19 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

20. Paragraph 20 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

21. Paragraph 21 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

22. Paragraph 22 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

**STATEMENT OF FACTS**

23. Answering Paragraph 23 of the Complaint, Defendant admits only that Plaintiff submitted a FOIA request on February 20, 2020. The remainder of Paragraph 23 consists of Plaintiff's characterization of their FOIA request. Defendant respectfully refers

the Court to the reference document for a complete and accurate statement of its content and denies the allegations to the extent inconsistent with the content of those documents.

24. Defendant admits the allegations in Paragraph 24.

25. Defendant admits the allegations in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27. Defendant admits the allegations in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Defendant admits only that it has not completed its response to Plaintiff's FOIA request.

29. Answering Paragraph 29 of the Complaint, Defendant admits only that it has not completed its response to Plaintiff's FOIA request.

30. Paragraph 30 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

31. Defendant denies the allegations in Paragraph 31.

32. Answering Paragraph 32 of the Complaint, Defendant admits only that it has not completed its response to Plaintiff's FOIA request.

### PLAINTIFF'S CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
### EPA Failed to Comply with FOIA's Mandatory Determination Deadline

33. Answering Paragraph 33 of the Complaint, Defendant incorporates by reference and reasserts its answers to Paragraphs 1 through 32.

34. Paragraph 34 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 34.

35. Paragraph 35 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 35.

36. Paragraph 36 states a legal conclusion to which no response is required. To

5

extent a response is deemed required, Defendant denies the allegations in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38. Defendant denies the allegations in Paragraph 38.

39. Paragraph 39 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 39.

## SECOND CLAIM FOR RELIEF

### EPA Failed to Conduct an Adequate Search for Responsive Records

40. Answering Paragraph 40 of the Complaint, Defendant incorporates by reference and reasserts its answers to Paragraphs 1 through 39.

41. Paragraph 41 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 41.

42. Paragraph 42 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44. Defendant denies the allegations in Paragraph 44.

45. Paragraph 45 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 45.

## THIRD CLAIM FOR RELIEF

46. Answering Paragraph 46 of the Complaint, Defendant incorporates by reference and reasserts its answers to Paragraphs 1 through 45.

47. Paragraph 47 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 48.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Paragraph 52 states a legal conclusion to which no response is required. To extent a response is deemed required, Defendant denies the allegations in Paragraph 52.

**RELIEF REQUESTED**

53. Defendant denies Plaintiff is entitled to the relief requested or to any relief in this case.

**DEFENDANT'S GENERAL DENIAL**

54. Defendant denies each and every allegation in the Complaint that it does not expressly admit herein.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

55. The Complaint fails to state a claim for which relief may be granted.

56. Plaintiff's FOIA request is not a proper request in that it does not reasonably describe the records sought and imposes an undue burden on Defendant.

57. The Court lacks subject matter jurisdiction over Plaintiff's FOIA request to the extent it seeks to impose obligations or obtain relief that exceed what is authorized under the Freedom of Information Act. See 5 U.S.C. § 552.

58. Plaintiff is not entitled to compel the release of records properly withheld pursuant to any applicable Freedom of Information Act or Privacy Act exemptions or exclusions. 5 U.S.C. §§ 552, 552a.

59. Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records. See 5 U.S.C. §§ 552, 552a.

60. Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

61. At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

62. Plaintiff has failed to exhaust administrative remedies.

63. Defendant incorporates all further defenses that may apply, including but not limited to those defenses listed in Federal Rules of Civil Procedure 8 and 12.

Defendant requests and reserves the right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known in the course of investigation, discovery, and disclosure.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, that Plaintiff take nothing by virtue of its suit, that judgment be rendered in favor of the Defendant, that the Defendant recover costs of suit incurred herein, and for such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 23rd day of May 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Sarah S. Letzkus*
SARAH S. LETZKUS
Assistant U.S. Attorney
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following:

Colin Cox
Center for Biological Diversity
1025 ½ Lomas NW
Albuquerque, NM 87102
*Attorney for Plaintiff*

s/ D. Rivera Fuerte
*Answer*